**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SHENGGANG NING, | No. 09-71809 |
| Petitioner, | Agency No. A096-051-368 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:    FARRIS, LEAVY, and BYBEE, Circuit Judges.

Shenggang Ning, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

proceedings due to ineffective assistance of counsel. Our jurisdiction is governed

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Ning's motion to reopen because the motion was filed more than three years after the BIA's October 20, 2005, order dismissing the underlying appeal, *see* 8 C.F.R. § 1003.2(c)(2), and Ning failed to demonstrate that he acted with the due diligence required to warrant equitable tolling, *see Iturribarria*, 321 F.3d at 897.

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a).  *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).  If we had jurisdiction to review the BIA's decision, we would find no abuse of discretion.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**